**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, ) <br> UNITED STATES DEPARTMENT OF LABOR, ) <br>                                Plaintiff, ) <br> v.                                       ) <br>                                          ) <br> JA-RA, INC., d/b/a AJ Plumbing          ) <br>                                Defendant. ) | CIVIL ACTION FILE <br> NO. 4:20-cv-64 |

**COMPLAINT**

Plaintiff brings this action to enjoin Defendant from violating the provisions of section 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, including the restraint of any withholding of payment of minimum wage and overtime compensation found by the Court to be due to Defendant's employees, pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owed to certain of Defendant's employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217; this Court also has jurisdiction under 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**DEFENDANT**

3. Defendant Ja-Ra, Inc. d/b/a AJ Plumbing, at all times relevant to this Complaint, has been an Iowa corporation doing business as AJ Plumbing, with its home office at 3950 Vandalia Road, Des Moines, Iowa 50317, within the jurisdiction of this Court. Ja-Ra, Inc. d/b/a AJ Plumbing regulates all persons employed by it and, at all relevant times, has been an employer within the meaning of section 3(d) of the Act.

**COVERAGE**

4. Since at least November 9, 2016, Defendant Ja-Ra, Inc., d/b/a AJ Plumbing has been a contractor specializing in plumbing and has had employees engaged in commerce or in the production of goods for commerce, including employees handling, or otherwise working with goods or materials that have been moved in or produced for commerce by any person; and an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce within the meaning of section 3(s)(1)(A) of the Act.

**FACTUAL ALLEGATIONS**

5. During at least the period November 9, 2016 through March 6, 2018, the Defendant employed certain non-exempt employees on a construction project known as the Nexus at Gray's Landing in Des Moines, Iowa. Defendant subcontracted to do plumbing work on the Gray's Landing project and employed certain employees for this purpose, including those employees and former employees named in Appendix A attached hereto. Simultaneously Defendant employed some of its workers on other plumbing projects.

6. Defendant did not pay certain employees at least the minimum wage of $7.25 per hour for all hours worked in one or more workweeks.

7. Defendant did not pay to certain employees overtime compensation for hours worked by the employees in excess of 40 hours in one or more workweeks. This occurred both for work done only on the Gray's Landing project, or for work done on the Gray's Landing project plus other projects, where the cumulative weekly hours exceeded 40.

8. When employees worked in excess of 40 hours in a workweek, whether as a result of combined plumbing projects or just the Gray's Landing project, Defendant "banked" the hours over 40 and paid those hours later at straight time.

9. Defendant did not make, keep and preserve required records accurately, including recording hours worked as less than 40 in a workweek when more than 40 were actually worked.

## VIOLATIONS OF THE ACT

10. Defendant has violated the provisions of sections 6 and 15(a)(2) of the Act by employing employees engaged in commerce or in the production of goods for commerce at wage rates less than the applicable federal minimum wage of $7.25 per hour.

11. Defendant has violated the provisions of sections 7 and 15(a)(2) of the Act by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating these employees at overtime rates of not less than one and one-half times the regular rates at which they were employed.

12. Defendant has violated the provisions of sections 11(c) and 15(a)(5) of the Act, by failing to make, keep, and preserve adequate and accurate records of their employees' wages, hours, and other working conditions and practices of employment, as

prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act.

13. As a result of the violations of the Act alleged in paragraphs 10-12 above, amounts are owed for unpaid minimum wages and overtime compensation to certain employees specifically named in Appendix A attached to Plaintiff's Complaint for the period from at least November 9, 2016 through at least March 6, 2018. A judgment granting recovery of unpaid wages, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

14. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays judgment as follows:

A. For an order pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendant liable for unpaid minimum wages and overtime compensation that may be found by the Court to be due under the Act to certain employees of the Defendant named in Appendix A attached to Plaintiff's Complaint, and an equal additional amount as liquidated damages;

B. For an order pursuant to section 17 of the Act, 29 U.S.C. § 217, restraining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with it who receive actual notice thereof, from continuing to withhold the payment of any unpaid minimum wage and overtime compensation found to be due certain employees who are presently unknown to Plaintiff, plus interest on the minimum wage and unpaid overtime compensation from the date the compensation became due until the date of judgment;

C. For an order pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendant, its officers, agents, servants, employees, and those

persons in active concert or participation with it who receive actual notice thereof, from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Act;

    D.    Plaintiff further demands the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that he recover the costs of this action; and,

    E.    Such other further relief as the Court deems necessary and appropriate.

Kate S. O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor
IL Bar #6204656

Evert H. Van Wijk
Associate Regional Solicitor
PA Bar #44047

_/s/ Kim P. Flores_
Kim P. Flores
MD Bar
Senior Trial Attorney
Counsel for Wage and Hour

Office of the Solicitor
U.S. Department of Labor
2300 Main Street, Suite 1020
Kansas City, MO 64108
(816) 285-7260
(816) 285-7287 (fax)
Flores.Kim@dol.gov

Attorneys for Secretary of Labor